UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IDS PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>   v.<br><br>CHARLES H. FELLOWS,<br><br>               Defendant. | C15-2031 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Charles H. Fellows's renewed motion for partial summary judgment, docket no. 118, is treated as a motion for reconsideration, and is DENIED.

    (a) The Court previously ruled that, because the parties failed to address how the issues should be analyzed if the three children engaged in the graffiti and vandalism for which Fellows seeks insurance coverage, whether the "intentional act of an insured" exclusion and/or its "domestic violence" exception apply to the circumstances of this case cannot be determined in dispositive motion practice. Order at 4 (docket no. 98). The record has not changed since the Court's earlier decision. The parties provide no information concerning the ages of the children involved or whether they had, at the time of the events at issue, the requisite mental capacity to formulate an "intent" within the meaning of the "intentional act of an insured" exclusion. *See* RCW 9A.04.050 (children under 12 are presumed incapable of understanding the wrongfulness of their actions). Moreover, the parties continue to dispute whether Fellows's ex-wife or the couple's children caused the damage in question.

MINUTE ORDER - 1

(b)   With regard to the "theft committed by an insured" exclusion, Fellows raises a new argument that his ex-wife did not commit theft because the business attire and formal wear for which he seeks insurance coverage was community property that his ex-wife legally possessed and had authority to discard.  Fellows does not explain why he could not have presented this argument in his previous motion.  *See* Local Civil Rule 7(h)(1).  Moreover, although Fellows's contention might establish that the "theft committed by an insured" exclusion does not apply, it also supports the conclusion that no loss occurred.  Thus, Fellows is not entitled to summary judgment in his favor as to coverage.

(2)   Plaintiff IDS Property and Casualty Insurance Company's motion for summary judgment, docket no. 116, is DENIED.

(a)   With regard to the applicability of the "intentional act of an insured" and "theft committed by an insured" exclusions, plaintiff's current motion simply repeats the arguments made in its previous motion, and the Court is satisfied that genuine disputes of material fact preclude summary judgment.[1]  *See* Fed. R. Civ. P. 56(a).

(b)   As to Fellows's claim for additional living expenses, plaintiff's current motion appears to seek reconsideration of the Court's prior ruling, *see* Order at 7-8 (docket no. 98), and it is denied.

(c)   Given the unanswered questions concerning coverage, plaintiff's motion for summary judgment as to Fellows's counterclaims for breach of contract, violation of Washington's Consumer Protection Act, violation of the Insurance Fair Conduct Act, bad faith, constructive fraud, and negligence, and as to Fellows's prayer for emotional distress damages, must likewise be denied.

(3)   The parties' stipulated motion for referral to a settlement judge, docket no. 124, is DENIED without prejudice.  The Court's practice is to require the parties to engage in mediation before inquiring whether a district or magistrate judge is willing to preside over a settlement conference.  *See* Local Civil Rule 39.1(e).  The parties have not indicated whether they have attempted to resolve this matter through private mediation.  In addition, the Court's protocol does not permit the parties to designate a specific

---

[1] Plaintiff has raised a new argument that Fellows's claim relating to lost business attire and formal wear is barred by the one-year period of limitation set forth in the policy because an appraiser did not notice whether the suits were in any of the closets when he examined the premises in April 2015, roughly eight months before Fellows commenced this litigation.  Plaintiff presented this theory only in response to Fellows's motion for partial summary judgment, and it did not affirmatively seek summary judgment on this subject or offer its contention in a manner that would provide Fellows an opportunity to be heard.  Moreover, plaintiff's assertion of untimeliness relies on inferences from the appraiser's testimony drawn against the opposing party, which is inappropriate on summary judgment.  *See*, *e.g.*, *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

MINUTE ORDER - 2

settlement judge.  If the parties have already participated in mediation and wish to pursue the option of a judicial settlement conference, they shall jointly contact the Court's law clerk at (206) 370-8830.

(4)  The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 13th day of February, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3