UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IDS PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>   v.<br><br>CHARLES H. FELLOWS,<br><br>            Defendant. | C15-2031 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on supplemental briefing concerning whether WAC 284-20-010(3)(c) renders void the "intentional act of an insured" exclusion in the insurance policy at issue because it can be construed to bar coverage for an "innocent" co-insured. Having reviewed the parties' supplemental briefs, docket nos. 160 and 162, and the authorities cited therein, the Court enters the following Order.

**<u>Discussion</u>**

The insurance policy at issue contains the following exclusion:

> We will not pay for loss or damage caused by any of the following excluded events . . . . Intentional loss, meaning any loss arising out of any act an **insured person** commits or conspired to commit with the intent to cause a loss. In the event of such a loss, no **insured person** is entitled to coverage, even **insured persons** who did not commit or conspire to commit the act causing the loss.

ORDER - 1

> However, this exclusion will not apply to deny an **insured person's** claim for an otherwise covered property loss under this policy if such a loss is caused by an act of domestic violence by another **insured person** under this policy and the **insured person** claiming the property loss:
>
> a) did not cooperate in or contribute to the creation of the loss; and
> b) cooperates in any investigation relating to the loss.

Ex. 1 to Compl. (docket no. 1-1 at 17-18).

Defendant Charles H. Fellows contends that this "intentional act of an insured" exclusion violates WAC 284-20-010, which articulates an intent "to permit understandable plain language policies and package policies without diminishing any rights an insured would have under the 1943 New York Standard Fire Insurance Policy." WAC 284-20-010(3)(c). According to Fellows, the 1943 New York Standard Fire Insurance Policy affords coverage to an insured even when a co-insured has intentionally caused the loss at issue. Fellows has cited to twelve decisions of courts in other jurisdictions, which the Court has carefully studied, but he has provided no Washington authority in support of his position.

In contrast, plaintiff IDS Property and Casualty Insurance Company cites to a Washington statute that explicitly allows basic contracts of fire insurance, commonly known as standard form fire policies, to "exclude coverage for losses caused by intentional or fraudulent acts of **any** insured." RCW 48.18.550(3) (emphasis added); *see also* RCW 48.18.120(1). This statute contains the proviso, however, that such "intentional act of an insured" exclusions may not apply to deny an insured's otherwise-covered property loss if (i) the property loss is caused by an act of domestic abuse by another insured under the policy, (ii) the insured seeking coverage complies with certain reporting and cooperation requirements, and (iii) the insured seeking coverage did not

ORDER - 2

1  contribute to the creation of the property loss.  RCW 48.18.550(3).  The insurance policy

2  at issue in this matter contains the requisite domestic abuse or domestic violence

3  exception to the "intentional act of an insured" exclusion, and it is in full compliance with

4  Washington law.  See *Allstate Ins. Co. v. Raynor*, 93 Wn. App. 484, 498-500, 969 P.2d

5  510, 975 P.2d 517, 980 P.2d 765 (1999) (observing that "Washington courts have

6  interpreted an exclusionary clause based upon the acts of 'an insured' as precluding

7  coverage for an innocent insured where coverage for the acts of another culpable insured

8  is excluded under the policy" and declining to hold that such exclusions violate public

9  policy), *aff'd*, 143 Wn.2d 469, 21 P.3d 707 (2001).

10 **Conclusion**

11       For the foregoing reasons, the Court concludes that WAC 284-20-010(3)(c) does

12 <u>not</u> render void the "intentional act of an insured" exclusion in the insurance policy at

13 issue.

14       IT IS SO ORDERED.

15       Dated this 23rd day of March, 2017.

                                    _____
                                    Thomas S. Zilly
                                    United States District Judge

ORDER - 3