01
02
03
04
05
06
07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09

IDS PROPERTY AND CASUALTY
INSURANCE COMPANY,

              Plaintiff,

     v.

CHARLES H. FELLOWS,

              Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)

NO. C15-2031Z

COURT'S JURY INSTRUCTIONS

DATED this 3rd day of April, 2017.

_____
Thomas S. Zilly
United States District Judge

INSTRUCTION NO. 1

<u>Duty of Jury</u>

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.   These instructions will be in three parts:   first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, <u>i.e.</u>, what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case.   To those facts you must apply the law as I give it to you.   You must follow the law as I give it to you whether you agree with it or not.   And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.   That means that you must decide the case solely on the evidence before you and according to the law.   You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.   And you must not read into these instructions or anything I might have said or done any suggestion as to what verdict you should return.   That is a matter entirely for you to decide.

INSTRUCTION NO. 2

<u>Burden of Proof</u>

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. In determining whether any fact in issue has been proved by a preponderance of the evidence, you should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

<u>Evidence</u>

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

You have also heard testimony in the form of depositions.   This testimony is also evidence from which you are to decide the facts.   You should draw no inference from whether these individuals were or were not physically present in court themselves.

01                              INSTRUCTION NO. 4

02                               <u>Stipulated Facts</u>

03

04        During trial, the parties stipulated to certain facts.   You should consider those facts in

05  addition to other facts which were proved to you at trial.

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

INSTRUCTION NO. 5

<u>What is Not Evidence</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence.   Certain things are not evidence and you may not consider them in deciding what the facts are.   I will list them for you:

1.     Arguments and statements by lawyers are not evidence.   The lawyers are not witnesses.   What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.   If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Objections by lawyers are not evidence.   Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.   You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.   In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.     Anything you may have seen or heard when the court was not in session is not evidence.   You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 6

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.   Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence.   It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7

<u>Credibility of Witnesses</u>

In deciding the facts in this case, you might have to decide which testimony to believe and which testimony not to believe.   You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things about which the witness testified;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness's testimony;

6.      the reasonableness of the witness's testimony in light of all the evidence; and

7.      any other factors that bear on believability.

In considering the testimony of Michaela Osborne, you may take into account that she received favored treatment from IDS in connection with this case.   In evaluating Osborne's testimony, you should consider whether and, if so, the extent to which, her testimony might have been influenced by this factor.

These are some of the factors you may consider in deciding whether to believe testimony.

01                               INSTRUCTION NO. 7 (page 2)

02

03          The weight of the evidence presented by each side does not necessarily depend on the

04   number of witnesses who testify.

05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

INSTRUCTION NO. 8

<u>Opinion Evidence</u>

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.   You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 9

<u>Corporations</u>

Under the law, a corporation is a person, but it can only act through its employees, agents, directors, or officers.   The law therefore holds a corporation responsible for the acts of its employees, agents, directors, and officers, if but only if those acts are authorized.   An act is authorized if it is a part of the ordinary course of employment of the person doing it.

The fact that a party is a corporation should not affect your decision.   All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

INSTRUCTION NO. 10

Summary of Claims

Plaintiff IDS Property and Casualty Insurance Company ("IDS") brings this lawsuit against defendant Charles H. Fellows ("Fellows") for a declaratory judgment that IDS does not owe coverage, under an insurance policy in effect from May 10, 2015, to May 10, 2016, for damages to Fellows's residence located at 10021 SE 192nd Place in Renton, Washington that were allegedly caused by Fellows's ex-wife, Michaela Osborne, and/or her children.

Fellows denies that IDS is entitled to declaratory judgment.   In addition, Fellows brings four counterclaims against IDS:   (1) breach of contract; (2) violation of Washington's Insurance Fair Conduct Act ("IFCA"); (3) violation of Washington's Consumer Protection Act ("CPA"); and (4) insurance bad faith.

IDS denies that it breached the insurance contract, violated the IFCA or the CPA, or acted in bad faith, and it further denies the nature and extent of Fellows's claimed damages.

The foregoing is merely a summary of the claims, counterclaims, and defenses of the parties.   You are not to take the same as proof of the matter claimed unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence.   These claims, counterclaims, and defenses have been outlined solely to aid you in understanding the issues.

INSTRUCTION NO. 10 (page 2)

Fellows is asserting more than one counterclaim, and each counterclaim is entitled to your separate consideration.   You must decide as to each counterclaim whether Fellows is entitled to recover.   The fact that Fellows is entitled to recover on one counterclaim does not mean that Fellows is entitled to recover on another counterclaim.   Similarly, the fact that Fellows is not entitled to recover on one counterclaim does not prevent him from recovering on another counterclaim.

Unless otherwise stated, the instructions apply to all parties.

COURT'S JURY INSTRUCTIONS

01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22

INSTRUCTION NO. 11

<u>IDS's Claim for Declaratory Judgment</u>

Under federal law, the Court may declare the rights and other legal relations of the parties. Ultimately, the Court will decide whether IDS owes coverage, under the insurance policy issued by IDS to Fellows and Osborne, for the damage to the home located at 10021 SE 192nd Place in Renton.   Before the Court may do so, however, you must decide certain factual disputes.

With respect to the damage to the residence, the insurance policy at issue does not cover "intentional loss," meaning "any loss arising out of any act an insured person commits or conspired to commit with the intent to cause a loss."   This exclusion does not apply if the loss at issue was "caused by an act of domestic violence by another insured person."   Under the insurance policy at issue, Fellows, Osborne, and Osborne's children are each an "insured person."

Because IDS is asserting that an exclusionary provision of the insurance policy applies, IDS bears the burden of proving the relevant facts by a preponderance of the evidence.   To obtain a declaratory judgment that it owes no coverage, IDS must prove the following:

1.      Michaela Osborne and/or one or more of her children caused the damage at issue to the residence located at 10021 SE 192nd Place in Renton;

2.      The damage at issue was caused by an act or acts committed by an insured person with the intent to cause a loss; and

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 11 (page 2)

3.      The damage at issue was <u>not</u> caused by an act or acts of domestic violence by such insured person, or in other words, the purpose of the damage was not to intimidate or attempt to control the behavior of Fellows.

Based on your consideration of all of the evidence, you must decide whether any portion of the damage to the home that was caused by Michaela Osborne and/or Osborne's children was committed with the "intent to cause a loss," and if so, whether such portion of the damage was caused by an act or acts of domestic violence.   You must also determine what amount of the damage was caused by each person.

01    INSTRUCTION NO. 11A

02    <u>Domestic Violence</u>

03

04    For purposes of the insurance coverage issues in this case, "domestic violence" means

05  "intentionally, knowingly, or recklessly causing damage to property so as to intimidate or

06  attempt to control the behavior of another family or household member."

07    A person acts with "intent" or "intentionally" when acting with the objective or purpose

08  to accomplish a specified result.

09

10    A person "knows" or acts "knowingly" or "with knowledge" with respect to a specified

11  result when he or she is aware of that result.   If a person has information that would lead a

12  reasonable person in the same situation to believe that a fact exists, the jury is permitted but not

13  required to find that he or she acted with knowledge of that fact.

14    A person is "reckless" or acts "recklessly" when he or she knows of and disregards a

15  substantial risk that a specified result might occur and this disregard is a gross deviation from

16  conduct that a reasonable person would exercise in the same situation.

17

18

19

20

21

22

INSTRUCTION NO. 11B

<u>Contract Interpretation</u>

Insurance policies are construed as a whole, giving the policy the "fair, reasonable, and sensible construction" that an average person purchasing insurance would.   Inclusionary clauses are liberally construed in favor of coverage, while exclusionary provisions are interpreted strictly against the insurer.   If the language of a policy is clear and unambiguous, it must be enforced as written, assigning to the words of the policy their ordinary or plain meaning, unless the policy indicates a different meaning.   On the other hand, if a provision is ambiguous, the ambiguity may be construed against the insurer as the drafter of the policy.   A term of an insurance contract is ambiguous when it is fairly susceptible to being interpreted in two different ways, both of which are reasonable.

INSTRUCTION NO. 12

<u>Fellows's Counterclaims</u>

If you find from your consideration of all of the evidence that Michaela Osborne and/or her children intentionally caused the damage to the residence and that the damage was <u>not</u> caused by an act or acts of domestic violence, then Fellows is not entitled to recover on his first and second counterclaims, and your verdict must be for IDS and against Fellows on the breach of contract counterclaim and the IFCA counterclaim.

Even if IDS does not owe coverage under the insurance policy, it may be held liable for violating the CPA or for failing to act in good faith, if you find from your consideration of all of the evidence that Fellows has proved each of the elements of such counterclaim or counterclaims by a preponderance of the evidence.

INSTRUCTION NO. 13

<u>Fellows's First Counterclaim – Breach of Contract</u>

A contract is a legally enforceable promise or set of promises.   The failure to perform fully a contractual duty when it is due is a breach of contract.   To prevail on his first counterclaim for breach of contract, Fellows must prove each of the following elements by a preponderance of the evidence:

1.    That IDS entered into a contract with him;

2.    That IDS breached the contract by failing to pay insurance benefits;

3.    That Fellows had performed his obligations under the contract; and

4.    That Fellows was damaged as a result of IDS's breach.

If you find from your consideration of all of the evidence that any of these elements have not been proved, your verdict should be for IDS on Fellows's first counterclaim.   On the other hand, if you find that all of these elements have been proved, your verdict should be for Fellows on his first counterclaim.

INSTRUCTION NO. 14

Fellows's Second Counterclaim – Violation of Insurance Fair Conduct Act

To prevail on his second counterclaim for violation of the IFCA, Fellows must prove each of the following elements by a preponderance of the evidence:

1.    IDS either (a) unreasonably denied a claim for coverage, and/or (b) unreasonably denied payment of benefits, with all of you agreeing on (a) or (b), or both (a) and (b);

2.    Fellows was damaged; and

3.    IDS's act or practice was a proximate cause of Fellows's damage.

If you find from your consideration of all of the evidence that any o f these elements have not been proved, your verdict should be for IDS on Fellows's second counterclaim.   On the other hand, if you find that all of these elements have been proved, your verdict should be for Fellows on his second counterclaim.

INSTRUCTION NO. 15

<u>Fellows's Third Counterclaim – Violation of Consumer Protection Act</u>

To prevail on his third counterclaim for violation of the CPA, Fellows must prove each of the following elements by a preponderance of the evidence:

1.    IDS engaged in an unfair or deceptive act or practice;

2.    The act or practice occurred in the conduct of IDS's trade or commerce;

3.    The act or practice affected the public interest;

4.    Fellows was injured in either his business or his property; and

5.    IDS's act or practice was a proximate cause of Fellows's injury to business or property.

You are instructed that the second and third elements have been proved because this counterclaim involves insurance.   If you find from your consideration of all of the evidence that any of the other elements, namely the first, fourth, and fifth elements, have not been proved, your verdict should be for IDS on Fellows's third counterclaim.   On the other hand, if you find that all of these elements have been proved, your verdict should be for Fellows on his third counterclaim.

INSTRUCTION NO. 15A

<u>Unfair or Deceptive Act</u>

An act or practice is unfair or deceptive if (a) it had the capacity to deceive a substantial portion of the public, or (b) violated any of the regulations listed in this Instruction, with all of you agreeing on (a) or (b), or both (a) and (b).   Fellows does not need to show that the act or practice was intended to deceive.

A single violation of any of the following regulations is an unfair or deceptive act or practice:

1.    Misrepresenting pertinent facts or insurance policy provisions;

2.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

3.    Refusing to pay claims without conducting a reasonable investigation.

4.    Failing to affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted.

5.    Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

6.    Failing to fully disclose all pertinent benefits, coverages, or other provisions of the insurance policy at issue.

7.    Failing to acknowledge receipt of a notice of claim within ten (10) working days after receiving it.

INSTRUCTION NO. 15A (page 2)

8.    Failing to provide, within ten (10) working days, an appropriate reply to pertinent communications from a claimant that reasonably suggest a response is expected.

9.    Failing to complete an investigation of the claim within thirty (30) days after notification of the claim, unless the investigation could not reasonably be completed within that time.

10.    Failing to notify a claimant within fifteen (15) working days after receipt of fully completed and executed proofs of loss if more time is needed to determine whether the claim should be accepted or denied, failing to state the reason or reasons why additional time is needed for investigation, or failing to provide an additional notice every thirty (30) days explaining why the claim remains unresolved.

These regulations define the minimum standards for insurance business practices in Washington.

You are instructed that, because Fellows was represented by an attorney during all relevant times, IDS's lawyers could not communicate directly with Fellows unless his attorney was present.

If you find that (a) IDS engaged in an act or practice that had the capacity to deceive a substantial portion of the public, or (b) IDS violated one or more of the regulations listed in this Instruction, with all of you agreeing on which one or more of the regulations were violated, and with all of you agreeing on (a) or (b), or both (a) and (b), then you must find that the first element of Fellows's third counterclaim for violation of the CPA has been proved.

INSTRUCTION NO. 15B

<u>Injury for Purposes of CPA</u>


Fellows has suffered an "injury" for purposes of the CPA if his business or property has been injured to any degree.   Under the CPA, Fellows has the burden of proving that he has been injured, but no monetary amount need be proven, and proof of any injury is sufficient, even if expenses or losses caused by the violation are minimal.

Injuries to business or property may consist of financial loss, difficulty in securing a loan or other credit, time away from work, or the loss of use of property causally related to the unfair or deceptive act or practice.   Injuries to business or property do not include physical injury to a person's body, or pain and suffering.

INSTRUCTION NO. 16

<u>Fellows's Fourth Counterclaim – Insurer's Failure to Act in Good Faith</u>

An insurer has a duty to act in good faith.   This duty requires an insurer to deal fairly with its insured.   The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk.   The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured.   An insurer must also have a reasonable justification for refusing to pay a claim.   An insurer who does not deal fairly with its insured, who does not give equal consideration to its insured's interests, who refuses to pay a claim without conducting a reasonable investigation, or who denies a claim without a reasonable justification, fails to act in good faith.   In proving that an insurer failed to act in good faith, an insured must prove that the insurer's conduct was unreasonable, frivolous, or unfounded.   The insured is not required to prove that the insurer acted dishonestly or that the insurer intended to act in bad faith.

To establish his fourth counterclaim, Fellows must prove by a preponderance of the evidence each of the following elements:

1.      That IDS failed to act in good faith by (a) not conducting a reasonable investigation of Fellows's claim before denying coverage, and/or (b) not having a reasonable justification for denying coverage, with all of you agreeing on (a) or (b), or both (a) and (b);

INSTRUCTION NO. 16 (page 2)

2.      That Fellows was injured; and

3.      That IDS's failure to act in good faith was a proximate cause of Fellows's injury.

If you find from your consideration of all of the evidence that any of these elements have not been proved, your verdict should be for IDS on Fellows's fourth counterclaim.   On the other hand, if you find that all of these elements have been proved, your verdict should be for Fellows on his fourth counterclaim.

INSTRUCTION NO. 17

<u>Proximate Cause</u>

"Proximate cause" means a cause which in direct sequence, unbroken by any new independent cause, produces the injury complained of and without which such injury would not have happened.

There may be more than one proximate cause of an injury.

INSTRUCTION NO. 18

<u>Measure of Damages</u>

It is the duty of the Court to instruct you as to the measure of damages.   By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.   If you find for Fellows on one or more of his counterclaims, you must determine Fellows's damages.   Fellows has the burden of proving damages by a preponderance of the evidence.   Damages means the amount of money that will reasonably and fairly compensate Fellows for any injury you find was caused by IDS.   It is for you to determine, based upon the evidence, what damages, if any, have been proved.   Your award of damages must be based upon evidence and not upon speculation, guess, or conjecture.

1.    **First Counterclaim**

If your verdict is for Fellows on his first counterclaim for breach of contract, you may award any actual damages proved by Fellows.   In calculating Fellows's actual damages, you should determine the sum of money that will put Fellows in as good a position as he would have been in if both Fellows and IDS had performed all of their promises under the contract.   You may consider (i) the cost, at the time of the damage, to repair the home located at 10021 SE 192nd Place in Renton, using new materials of like kind and quality, and (ii) the reasonable increase, if any, in Fellows's living expenses necessary to maintain his normal standard of living while he lived elsewhere.

INSTRUCTION NO. 18 (page 2)

**2.**    **Second Counterclaim**

If your verdict is for Fellows on his second counterclaim, you may award actual damages proximately caused by the violation of the IFCA.   For purposes of Fellows's second counterclaim, actual damages may include any insurance benefits that were unreasonably denied, as well as any expenses incurred by Fellows as a result of the IFCA violation, but do not include any emotional distress.   In addition, with respect to only the second counterclaim, you may, but are not required to, award increased damages, but such damages may not exceed three times the amount of the actual damages proximately caused by the violation of the IFCA.   In considering whether or not to award increased damages, you must consider whether Fellows has proven that an increased award is necessary to punish IDS for its conduct or to deter IDS from engaging in similar conduct in the future.

**3.**    **Third Counterclaim**

If your verdict is for Fellows on his third counterclaim, you may award actual damages proximately caused by the violation of the CPA.   For purposes of Fellows's third counterclaim, actual damages may consist of any financial loss, including the interest paid on a home equity line of credit, lost wages, or the reasonable value of the loss of use of property causally related to the unfair or deceptive act or practice.   You may not award damages on this counterclaim for noneconomic damages.

INSTRUCTION NO. 18 (page 3)

### 4.    __Fourth Counterclaim__

If your verdict is for Fellows on his fourth counterclaim for failure to act in good faith, you may award actual damages proximately caused by the bad faith.   For purposes of Fellows's fourth counterclaim, actual damages may consist of any financial loss, including the interest paid on a home equity line of credit, lost wages, or the reasonable value of the loss of use of property incurred as a result of any bad faith.   In addition, with respect to Fellows's fourth counterclaim, you may award noneconomic damages experienced to the present time and, with reasonable probability, to be experienced in the future, as a proximate result of IDS's conduct. Noneconomic damages may include pain, suffering, inconvenience, mental anguish, emotional distress, injury to reputation, and humiliation.   The law has not furnished us with any fixed standards by which to measure noneconomic damages, and you must be governed by your own judgment, by the evidence in the case, and by these instructions.

INSTRUCTION NO. 19

Deliberation

Upon retiring to the jury room for your deliberation of this case, your first duty is to select a presiding juror to act as chairperson.   It is his or her duty to see that discussion is carried on in a sensible and orderly fashion, that the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to express himself or herself and participate in the deliberations upon each question before the jury.

You will be furnished with all the exhibits, these instructions and a suitable form of verdict.

All of you must agree upon a verdict.   When you have so agreed, fill in the proper form of verdict to express the results of your determination.   The presiding juror will sign and date it and announce your agreement to the clerk who will conduct you into court to declare your verdict.

INSTRUCTION NO. 20

<u>Reaching Agreement</u>

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.   But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.   Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

INSTRUCTION NO. 21

<u>Communication with Court</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.   Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.

INSTRUCTION NO. 22

<u>Verdict</u>


After you have reached unanimous agreement on a verdict, your presiding juror will fill in, date, and sign the verdict form and advise the court that you have reached a verdict.