UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IDS PROPERTY AND CASUALTY
INSURANCE COMPANY,

          Plaintiff,

  v.

CHARLES H. FELLOWS,

          Defendant.

C15-2031 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Plaintiff's oral motion pursuant to Federal Rule of Civil Procedure 50(a) is GRANTED in part and DENIED in part as follows:

    (a)    Defendant's fifth counterclaim for constructive fraud is DISMISSED with prejudice. Defendant has not pleaded or identified in his trial brief or proposed jury instructions the requisite fiduciary duty or interested or sinister motive to proceed forward with this counterclaim. *See* *Green v. McAllister*, 103 Wn. App. 452, 467-68, 14 P.3d 795 (2000); *see also* *Hunter v. Ferebauer*, 980 F. Supp. 2d 1251, 1265 (E.D. Wash. 2013) ("Washington case law on constructive fraud is underdeveloped, but it appears that there must be a breach of a fiduciary duty in order for a [party] to prevail on a constructive fraud claim."). Moreover, the doctrine of constructive fraud is "inherently and exclusively in equity," *Dexter Horton Bldg. Co. v. King Cnty.*, 10 Wn.2d 186, 191, 116 P.2d 507 (1941), and even if Fellows could pursue such counterclaim, its resolution would be for the Court, not the jury. Thus, the jury will not be instructed as to this counterclaim. In addition, the Court concludes, as a matter of law, that defendant has not presented sufficient evidence to demonstrate that he is entitled to relief in equity.

MINUTE ORDER - 1

(b) Defendant's sixth counterclaim for negligence is DISMISSED with prejudice. Defendant has not pleaded or identified in his trial brief or proposed jury instructions the requisite duty independent of the insurance policy. *See Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 241 P.3d 1256 (2010). The duties described in defendant's objections, docket no. 186, to the discussion draft of jury instructions circulated on March 24, 2017, and any objections made during trial arise solely from the contract between the parties and cannot be the basis of a claim in negligence.

(c) With regard to the lost business attire and formal wear, the Court concludes that coverage is not owed. If Michaela Osborne committed theft of the business attire and formal wear, then the theft is not a covered peril because it was committed by an insured person. If Osborne did not commit theft, then the loss of the business attire and formal wear does not appear to have been caused by any of the perils named in the policy. The only peril other than theft that Fellows asserts might apply to the loss of his business attire and formal wear is vandalism, which involves the "destruction or defacement" of property. *See* Webster's 3d New Int'l Dictionary 2532 (1981). No evidence has been offered concerning what happened to the business attire and formal wear or showing that it was destroyed or defaced, and the Court concludes that no basis exists to allow any counterclaim relating to such items.

(d) Except as granted, plaintiff's Rule 50(a) motion is denied.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of April, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2